**NOT FOR PUBLICATION**

AUG 01 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30301 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-02085-WFN |
| v. | |
| UBER ALEJANDRES-SANTA CRUZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Uber Alejandres-Santa Cruz appeals from the district court's judgment and

challenges the 50-month term of supervised release imposed upon revocation of

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Alejandres-Santa Cruz contends that the district court procedurally erred by failing to consider and explain why a new term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose a term of supervised release if the defendant is deportable. The record reflects that the district court adequately considered section 5D1.1(c) and explained why it declined to follow it. *See Kimbrough v. United States*, 552 U.S. 85, 108-10 (2007) (district court has discretion to vary from the Guidelines on policy grounds).

Alejandres-Santa Cruz also challenges the imposition of a new term of supervised release as substantively unreasonable. The district court did not abuse its discretion in imposing the sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the totality of the circumstances. *See id*.; *see also* U.S.S.G. § 5D1.1(c) cmt. n.5 (a deportable alien may be subject to term of supervised release if the district court determines that under the facts and circumstances of the particular case an added measure of deterrence and protection is needed).

**AFFIRMED.**